**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LARRY SMITH, | ) |
| Plaintiff | ) **Case No.:** |
| v. | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE, | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

LARRY SMITH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Clarks Summit, Pennsylvania 18411.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national medical debt collection company with a business address located at 2150 15th Avenue, Vero Beach, Florida, 32960.

8. Defendant is a "debt collector" as that term is defined by U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. Upon information and belief, the alleged debt Defendant was seeking to collect was a one hundred dollar ($100.00) medical debt from Moses Tyler Hospital.

13. This debt arose out of transactions that were primarily for personal, family, or household purposes.

14. Plaintiff disputes owing the alleged debt, as he paid this bill in full.

15. Beginning in March 2015, and continuing through June 2015, Defendant contacted Plaintiff on his cellular telephone.

16. Plaintiff knows it was Defendant calling because he has spoken with male and female callers who have identified themselves as representatives of Defendant.

17. During these calls, Defendant attempted to arrange for Plaintiff to make payments over the phone, but Plaintiff informed Defendant that he could not do that because he did not have the money to make such payments.

18. Not wanting to receive calls from Defendant, Plaintiff demanded Defendant stop calling his cellular telephone in or around mid-June 2015.

19. Defendant heard and acknowledged this revocation of consent and

instructions to stop calling.

20. Despite Plaintiff's instructions to stop calling, Defendant continued to place calls to Plaintiff's telephone, on average, three (3) to four (4) times per week.

21. Once Defendant was advised that Plaintiff no longer consented to receiving calls, its only purpose in continuing to call him about the alleged debt was to annoy, abuse, or harass Plaintiff.

22. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of his rights to dispute the debt and/or to request verification, as well as his right to request the name and address of the original creditor.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

23. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. A debt collector violates § 1692d of the FDCPA by causing a

     telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

  c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuously contacting Plaintiff multiple times per day after being told by Plaintiff to stop calling and by doing so with the intent to annoy, abuse, or harass Plaintiff.

## COUNT II

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

  a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

  b. Here, Defendant violated § 1692f of the FDCPA when it failed to update its records to stop calling Plaintiff as well as collecting on a debt that has already been paid in full.

## COUNT III

25. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

  a. A debt collector violates § 1692g(a) of the FDCPA by failing to

send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to

dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, LARRY SMITH, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LARRY SMITH, demands a jury trial in this case.

                                                               RESPECTFULLY SUBMITTED,

Date:  November 16, 2015         By: */s/ Craig Thor Kimmel*
                                                  CRAIG THOR KIMMEL
                                                  Attorney ID No. 57100
                                                  Kimmel & Silverman, P.C.
                                                  30 E. Butler Pike
                                                  Ambler, PA 19002
                                                  Phone: (215) 540-8888
                                                  Fax: (877) 788-2864
                                                  Email: kimmel@creditlaw.com